RICHARD L. ABRAMS, ET AL.,[1] PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2645–85.     Filed June 17, 1985.

*Martin A. Schainbaum* and *Kathleen A. Miller*, for the petitioners.

*Kathleen E. Whatley* and *Elizabeth I. Abreu*, for the respondent.

## OPINION

DAWSON, *Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on April 4, 1985. Without a hearing, an order was entered on April 12, 1985, granting respondent's motion. This order was vacated and set aside on April 16, 1985, and a hearing on the motion was held on May 22, 1985, at the motions session in Washington, D.C. The parties filed memoranda of points and authorities. After considering the memoranda and the arguments made by the parties at the hearing, the Court took respondent's motion under advisement.

On November 2, 1984, the District Director of the Laguna Niguel District sent a letter to each of the petitioners herein which provided, in pertinent part, as follows:

Re: Liberty Financial 1983 Government
Securities Trading Strategy

---

[1]There are 110 additional petitioners listed in the caption of the consolidated petition filed in this case.

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return.

The letter was signed by the District Director.

In response to such letters, petitioners, on January 28, 1985, filed a consolidated petition in this Court. They contend that the letters are notices of deficiencies because the language indicates that any deductions taken with respect to Liberty Financial Government Securities Trading Strategy would be disallowed. As support for their contention, petitioners argue that all respondent needs to to is to make a mathematical computation. Hence, they assert that the prerequisites for invoking the jurisdiction of this Court were satisfied when they filed a timely petition in this case.[2]

Respondent explains that the issuance of pre-filing notification (PFN) letters is a practice begun by the Internal Revenue Service to combat the increasing number of abusive tax shelters. See Rev. Proc. 83–78, sec. 6.02, 1983–2 C.B. 595, 597; Rev. Proc. 84–84, sec. 3.01, 1984–52 I.R.B. 77–78. He contends that the PFN letter sent to each of the petitioners is not a notice of deficiency because the letter does not set forth an amount of tax due or make a final determination, citing *Foster v. Commissioner*, 80 T.C. 34, 229–230 (1983), affd. on this issue 756 F.2d 1430 (9th Cir. 1985), and *Scar v. Commissioner*, 81 T.C. 855, 860–861 (1983). He argues that the letter does not purport, nor was it intended, to be a notice of deficiency.

---

[2]Petitioners have presented other arguments that we have not addressed because we view them as tangential to the crucial issue of whether the letters they received are notices of deficiencies.

Section 6212(a)[3] authorizes the issuance of a notice of deficiency. No particular form is required. *Scar v. Commissioner, supra* at 860; *Jarvis v. Commissioner,* 78 T.C. 646, 655–656 (1982). However, the notice must fulfill the purpose of providing formal notification that a deficiency in tax has been determined. *Foster v. Commissioner, supra* at 229. The notice is "only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this *unequivocally* is good enough." *Olsen v. Helvering,* 88 F.2d 650, 651 (2d Cir. 1937) (emphasis added). The notice must (1) advise the taxpayer that the Commissioner has, in fact, determined a deficiency, and (2) specify the year and the amount of the deficiency. *Foster v. Commissioner, supra* at 229–230.

The PFN letters do not satisfy these requirements. They do not rise to the level of notices of deficiencies. They do not state that they are notices of deficiencies. They do not state that a *determination* has been made.[4] They do not specify an amount. The language of the letters is tentative. It says that respondent *plans* to examine petitioners' returns in the event petitioners *claim* the specified deductions. And, as respondent has pointed out, the letters were not *intended*[5] to be notices of deficiencies. See *Lerer v. Commissioner,* 52 T.C. 358, 363–365 (1969).

We do not agree with petitioners that all that remains for respondent to do is to make a mathematical calculation.

---

[3]Sec. 6212(a) provides as follows:

SEC. 6212(a). IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

[4]See *Terminal Wine Co. v. Commissioner,* 1 B.T.A. 697, 701 (1925), where it was stated:

"The *determination* from which a taxpayer may appeal is one which fixes the amount of *deficiency* in tax. It is the final decision by which the controversy as to the deficiency is settled and terminated, and by which a final conclusion is reached relative thereto and the extent and measure of the deficiency defined."

[5]Petitioners argue that our opinion in *Scar v. Commissioner,* 81 T.C. 855 (1983), requires that the letters in this case be treated as notices of deficiencies. In *Scar,* the taxpayer received a letter that was *intended* by the Commissioner to be a notice of deficiency. The letter stated clearly that it was a notice of deficiency and that a determination had been made. The letter also provided an amount. The issue in *Scar* involved whether the notice was valid because of the errors contained in it. We held that the notice was valid because it was proper in form although it contained substantive errors. In contrast, the letters received by petitioners here were not intended by respondent to be notices of deficiencies. In addition, as stated previously, the letters did not purport to be notices of deficiencies and they did not state that a determination had been made nor did they provide an amount. We think our *Scar* opinion provides no support for petitioners' position in this case.

Subsequent to the issuance of the PFN letters, respondent may decide that other adjustments should be made to petitioners' returns and may even decide that petitioners are entitled to overpayments; or respondent may decide upon audit of the returns that *no* adjustments should be made. The bottom line is that respondent has not yet examined petitioners' returns and has not made any determination.

This case is not controlled by *Laing v. United States*, 423 U.S. 161 (1976). The Supreme Court held in *Laing* that taxpayers who are subject to a termination assessment must receive a notice of deficiency. It said that a taxpayer should be afforded access to the courts when the termination occurs because substantial rights are affected. Under section 6851, as it existed for the years covered by *Laing*, when a termination occurs, the taxpayer's taxable year is closed and the tax is due immediately. In sharp contrast, PFN letters have no immediate effect upon the substantial rights of petitioners except to warn them of the possible disallowance of deductions and to encourage them to reevaluate the propriety of any deductions they may claim.

In *Estate of Adamczyk v. Commissioner*, T.C. Memo. 1981–259, the taxpayers received a "30-day letter" which informed them of adjustments to their tax return. They were given the opportunity to agree to the adjustments, to provide additional information, or to request a conference. They were also informed that if they did not respond within 30 days, a notice of deficiency would be issued. This Court concluded that a 30-day letter merely proposes adjustments and is therefore not a notice of deficiency because it is not a final determination. PFN letters do not even rise to the level of a 30-day letter. They certainly do not constitute notices of deficiencies.

Accordingly, we hold that the pre-filing notification letters[6] in this case are not notices of deficiencies,[7] which are required

---

[6]PFN letters were recently discussed in *Mid-South Music Corp. v. U.S. Dept. of the Treasury*, 579 F. Supp. 481 (M.D. Tenn. 1983). In that case, the taxpayer sued the Government and the District Director for civil damages. The taxpayer alleged that the issuance of a PFN letter was not procedurally correct and therefore deprived him of due process. It also alleged that the issuance of the letter violated the nondisclosure provisions of sec. 6103(a). The District Court granted the Government's motion to dismiss, stating that it was unaware of any provision in the Internal Revenue Code that precluded the issuance of PFN letters, and that the letters were a reasonable method utilized by the Secretary as part of his broad latitude to collect taxes.

[7]To hold otherwise would open the floodgates for almost any communication between the Internal Revenue Service and a taxpayer to be treated as a notice of deficiency. With regard to

by sections 6212(a) and 6213(a) as prerequisites to this Court's jurisdiction. Therefore, we will grant respondent's motion to dismiss for lack of jurisdiction.

*An appropriate order will be entered.*

PFN letters alone, as of Apr. 30, 1985, approximately 22,629 have been issued by the Internal Revenue Service.