**Jeremiah BENZVI and Robert L. McLeroy, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–8734.

United States Court of Appeals, Eleventh Circuit.

April 29, 1986.

Martin A. Schainbaum, Kathleen A. Miller, San Francisco, Cal., for petitioners-appellants.

Michael L. Paup, Washington, D.C., Glenn L. Archer, Roger M. Olsen, Richard Farber, Gary D. Gray, Asst. Attys. Gen., Washington, D.C., for respondent-appellee.

Before TJOFLAT, and KRAVITCH, Circuit Judges, and DUMBAULD *, Senior District Judge.

KRAVITCH, Circuit Judge:

This appeal requires us to decide whether a letter sent by the IRS is a deficiency determination and notice sufficient to trigger the jurisdiction of the United States Tax Court within the meaning of I.R.C. §§ 6212(a) and 6213(a).[1]

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. These sections provide in relevant part:
   § 6212. Notice of deficiency.
       (a) In general.—If the Secretary determines that there is a deficiency in respect of any tax ..., he is authorized to send notice of such deficiency to the taxpayer....
   § 6213. Restrictions applicable to deficiencies; petition to Tax Court.
       (a) Time for Filing petition and restriction on assessment.—Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a

Appellants Benzvi and McLeroy are two of 111 taxpayers who filed suit in the Tax Court of the United States in response to a pre-filing notification (PFN) letter from the IRS. The Tax Court dismissed their petition because the taxpayers had not received notices of a deficiency determination; thus the Tax Court concluded it lacked jurisdiction. We affirm.

## I. BACKGROUND

On November 2, 1984, the IRS sent form letters to the appellants regarding their investment in Liberty Financial 1983 Government Securities Trading Strategy (Liberty). The letters stated that deductions and/or credits resulting from this investment would not be allowed and suggested that taxpayers who had claimed adjustments based on the Liberty investments, "may wish to file an amended tax return." The letters further informed the taxpayers that the IRS would review their returns and enumerated possible penalties. The letters, which contain no information specific to an individual taxpayer's return, are referred to by the IRS as "pre-filing notifications" (PFNs). As in this case, PFNs can also be sent after taxpayers have filed their returns.[2]

## II. ANALYSIS

The Internal Revenue Code defines deficiency as the difference between the taxpayer's liability and the liability shown on the taxpayer's return. I.R.C. § 6211. The Secretary is authorized to send a notice of deficiency whenever he determines that "there is a deficiency in respect of any tax imposed," I.R.C. § 6212(a). The Code, however, does not define the precise form the notice should take.

A taxpayer who receives a notice of deficiency may petition the Tax Court for a

"redetermination of the deficiency." I.R.C. § 6213(a). Thus before a taxpayer may petition the Tax Court for a redetermination of deficiency, the IRS first must have notified the taxpayer that it has examined the taxpayer's return and made a deficiency determination. *See Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 420, 64 S.Ct. 184, 185, 88 L.Ed. 139 (1943); *Corbett v. Frank*, 293 F.2d 501, 502 (9th Cir.1961) (deficiency notice is taxpayer's "ticket to the Tax Court."); *cf., Commissioner v. Shapiro*, 424 U.S. 614, 630 n. 12, 96 S.Ct. 1062, 1072 n. 12, 47 L.Ed.2d 278 (1976).

Although there is no prescribed form for a deficiency notice, the notice must at a minimum indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency. As Judge Hand explained: "the notice is only to advise the person who is to pay the deficiency that the commissioner means to assess him; anything that does this unequivocally is good enough." *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir.1937); *see also Foster v. Commissioner*, 80 T.C. 34 (1983) (deficiency notice need not tell taxpayer what Code section has been violated), *aff'd in part, vacated in part on other grounds*, 756 F.2d 1430 (9th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 793, 88 L.Ed.2d 770 (1986); *cf. Commissioner v. Stewart*, 186 F.2d 239, 241–42 (6th Cir.1951); *Scar v. Commissioner*, 81 T.C. 855, 860–61 (1983) (deficiency notice is adequate if it states amount of deficiency and tax year involved).

Appellants argue that the PFNs are "in substance" notices of deficiency: the PFNs had set forth the tax year and the questioned deduction; all that remained was simple arithmetic to determine the deficiency.[3] The heart of appellants' argument is

---

petition with the Tax Court for a redetermination of the deficiency....

**2.** A copy of the text of the letter sent to appellants is appended to this opinion. Nowhere in the letter does the IRS use the term deficiency

or suggest that it has already determined that the taxpayer has miscalculated the tax due.

**3.** Appellants also assert that at least one person who received the IRS letter also received a letter refusing to allow a refund claim in connection

that the IRS has determined that Liberty is an abusive tax shelter but has denied appellants a judicial forum in which to dispute this determination prior to paying tax allegedly owed. This argument is without merit. The PFNs explicitly state that appellants will be able to exercise their appeal rights if they are dissatisfied with the results of an IRS review of their returns. In other words, appellants' attempt to litigate in Tax Court is premature. At this point the IRS knows only that appellants invested in Liberty, the IRS has not ascertained whether appellants claimed deductions or credits based on their investment. Assuming appellants have adjusted their income based on this investment, the IRS has not yet determined the amount of deficiency, if any, that is due. Appellants argue that these steps are "simple arithmetic" and therefore they have received a de facto deficiency determination and notice. Very few tax controversies, however, are matters of simple arithmetic and this case is no exception.

Appellants contend that the issue here is not the allowable amount of a deduction attributable to their Liberty investment, but whether a deduction will be allowed at all. While the PFN indicates that the IRS believes the Liberty investment is not a proper tax shelter, it also advises that the IRS has not yet reviewed the taxpayers' returns. It is possible, though not likely, that the IRS will take no further action after reviewing appellants' returns. It is also possible that the IRS will disallow other deductions. It is possible that appellants will reconsider deductions based on the Liberty investment and amend their returns. It is also possible that the taxpayers will amend their returns on grounds unrelated to the Liberty investment. The bottom line is there is no deficiency determination for the Tax Court to review until the IRS performs the "simple arithmetic" and determines the existence and amount of a deficiency. To hold otherwise would encourage piece-meal litigation of each deduction/credit in a taxpayer's return. More important, the issuance of a Notice of Deficiency has significant legal consequences: the issuance starts the ninety day period for taxpayers to petition in Tax Court. I.R.C. § 6213(a). The IRS notes that it has mailed approximately 22,000 PFNs. Were we to determine that a PFN is a deficiency notice, potentially thousands of taxpayers might be barred from Tax Court on the ground that they did not file petitions within ninety days of receiving a PFN. We cannot conclude that a PFN is a notice of deficiency absent a clear indication that the IRS has reviewed the PFN recipient's return and determined that a deficiency of a stated amount exists. The letters at issue here do not provide taxpayers with this information; indeed the letters do not mention the word deficiency. Moreover, the letters point out that the IRS has not yet reviewed the taxpayers' return. Accordingly, we conclude that the letters sent to Benzvi and McLeroy were not deficiency notices as contemplated by I.R.C. § 6213(a).

Appellants further argue that the PFN is an attempt to coerce them into amending their returns to eliminate Liberty deductions, paying the IRS's calculation of their tax liability, and settling any disagreement in the district court as opposed to the Tax Court.[4] While the PFN may be an in terro-

with a subsequent return. The letter disallowing the refund cited the PFN. The taxpayers argue that denying a refund while at the same time denying access to the Tax Court violates due process. Neither Benzvi nor McLeroy argue that they have had refunds withheld due to the PFN and therefore we do not determine whether the IRS's reliance on a PFN to withhold a refund violates due process. Unlike appellants, the petitioner whose subsequent year's refund was withheld has in effect already "paid" the IRS's deficiency determination and has his

ticket to district court should he wish to contest the withheld refund. We need not decide here whether this taxpayer, who is not before us, also has received a ticket to the Tax Court to dispute a deficiency determination for the year he deducted his Liberty investment.

4. Suits for tax refunds are brought in the district court, 28 U.S.C. § 1346(a)(1), whereas disputes regarding deficiency determinations are heard in the Tax Court, I.R.C. § 6213.

**1544**

rem letter, it also provides the taxpayer with important information and suggests options. That the letter does not also suggest that the taxpayer wait for a deficiency notice and dispute the deficiency in the Tax Court does not violate due process or accelerate the Tax Court's jurisdiction. We conclude, therefore, that a mere in terrorem communication from the IRS does not in and of itself provide a "ticket to the Tax Court."

Appellant's final argument is premised on *Mid-South Music Corp. v. Kolak,* 756 F.2d 23 (6th Cir.1984). There, a tax shelter promoter sued the IRS in district court for issuing a PFN describing its product as an "abusive tax shelter." The promoter charged that the IRS had improperly disclosed its tax return information to third party investors. On remand judgment was entered against the IRS for its attempt to destroy plaintiff's tax shelter promotion "before its abusiveness was established as a matter of law." *Mid-South Music Corp v. United States,* 85–2 U.S. Tax Cas. (CCH) ¶ 9782 at 90,153 (M.D.Tenn. Sept. 24, 1985). *Mid-South* is, therefore, a significantly different case from the one before us. Unlike the instant case, *Mid-South* did not involve the jurisdictional requirements of the Tax Court. While the *Mid-South* decision calls into question the validity of issuing PFNs, it does not alter the jurisdictional requisites that taxpayers Benzvi and McLeroy must satisfy before suing in Tax Court.

In sum, we conclude the IRS has not foreclosed Benzvi's and McLeroy's day in Tax Court. If after reviewing their returns the IRS determines that a deficiency exists, notice will issue and appellants then will have their ticket to the Tax Court. Accordingly the Tax Court's decision to dismiss this case for lack of jurisdiction is AFFIRMED.

## APPENDIX

Date: Nov 2 1984

Tax Shelter Promotion: *See below

Tax Year: 1983

*Liberty Financial Services, First Capital Securities, Inc.

Re: Liberty Financial 1983 Government Securities Trading Strategy

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return. If so, please file such at the following address:

Internal Revenue Service Center
Attention: Pre-filing Notification Coordinator
Atlanta Service Center
4800 Buford Highway
Chamblee, GA 30341

Sincerely yours,
District Director