W.M. SPECTOR and James M. Stokes, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 85–2133.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided May 7, 1986.

Martin A. Schainbaum, San Francisco, Cal., for appellants.

Richard Farber, Washington, D.C., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HANSON,* Senior District Judge.

---

\* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

PER CURIAM.

W.M. Spector and James Stokes appeal from an order of the United States Tax Court dismissing for lack of jurisdiction a consolidated petition for determination of purported deficiencies. We affirm.

On November 2, 1984, the Internal Revenue Service (IRS) sent appellants a letter notifying them of the IRS' belief that any deductions or credits derived from investments in a tax shelter known as the "Liberty Financial 1983 Government Securities Trading Strategy" would not be allowable. The letter indicated that the IRS had not yet reviewed appellants' tax returns to determine whether appellants had claimed such deductions or credits.

■ Because the tax court is a court of limited jurisdiction, *Page v. Commissioner*, 297 F.2d 733, 734 (8th Cir.1962) (per curiam), the determination of a deficiency and the issuance of a notice of deficiency is an absolute precondition to tax court jurisdiction. *Laing v. United States*, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, n. 4, 46 L.Ed.2d 416 (1976).

■ In this case, the tax court properly dismissed the petition because the notification letter was not a notice of deficiency. We note that the Fourth Circuit has recently rejected arguments identical to appellants' arguments in the present case that the letters constituted notices of deficiencies raised by other taxpayers appealing the consolidated tax court petition. *Eggleston v. Commissioner*, 787 F.2d 939 (4th Cir.1986). As the Fourth Circuit noted:

> Converting a sow's ear into a silk purse is acknowledgedly difficult. Seeking to convert into a notice of deficiency an Internal Revenue Service letter warning the petitioners that an attempt to utilize, for income tax purposes, a specific "tax shelter" would result in a redetermination leading to an assessment of a deficiency or a reduction or elimination of a refund amounts to an effort of equal audacity and equal futility.

*Eggleston v. Commissioner*, at 940.

We have reviewed the record and find no error. Accordingly, we affirm on the basis of the tax court opinion. *See* 8th Cir.R. 14.