Steven E. DONLEY,
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–4663.

United States Court of Appeals,
Fifth Circuit.

June 11, 1986.

Martin A. Schainbaum, San Francisco, Cal., for petitioner-appellant.

Gary D. Gray, Atty., Glenn L. Archer, Jr., Asst. Atty. Gen., Dept. of Justice, Tax Div., Michael L. Paup, Appellate Sec., Richard Farber, Atty., Roger M. Olsen, Acting Asst. Atty. Gen., Fred T. Goldberg, Jr., Robert T. Ruwe, Washington, D.C., for respondent-appellee.

Before BROWN, REAVLEY and JONES, Circuit Judges.

PER CURIAM:

The Internal Revenue Service (IRS) sent petitioner Steven E. Donley a letter notifying him that it believed certain tax deductions were not allowable.[1] The letter stated that the IRS was planning on reviewing his tax return in the future to determine if he claimed such deductions, and it gave him the opportunity to adjust his return before the review so as to avoid any penalties. The letter did not refer to any specific deficiency in Donley's tax return or suggest in any way that the IRS had already determined that Donley had miscalculated the tax due. Donley, along with other taxpayers, challenged the letter by filing suit in the Tax Court of the United States, which dismissed the suit for lack of jurisdiction. *Abrams v. Commissioner,* 84 T.C. 1308 (1985). Donley now appeals that dismissal.[2] We affirm.

The United States Tax Court is a court of limited jurisdiction. 26 U.S.C. § 7442 (1982). Before a taxpayer can invoke the jurisdiction of the Tax Court he must have been notified by the IRS that his tax return is deficient. *DaBoul v. Commissioner,* 429 F.2d 38 (9th Cir.1970). Although there is no prescribed form for a deficiency notice, the notice must at a minimum (1) advise the taxpayer that the IRS has determined that a deficiency exists for a particular year, and (2) specify the amount of the deficiency or provide the

---

1. The letter, also sent to a number of other taxpayers, read as follows:

Re: Liberty Financial 1983 Government Securities Trading Strategy

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights.

The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return.

2. Other taxpayers filed appeals in the Second, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits.

information necessary to compute the deficiency. *Cf. Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir.1951). The Second, Fourth, Eighth and Eleventh Circuits have determined that letters identical to the one received by Donley meet none of these requirements. *See Spector v. Commissioner*, 790 F.2d 51 (8th Cir.1986); *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir. 1986); *Eggleston v. Commissioner*, 787 F.2d 939 (4th Cir.1986); *Neal v. Commissioner*, No. 85–4147 (2nd Cir. March 17, 1985) (unpublished order). We agree. The Tax Court properly dismissed Donley's suit for lack of jurisdiction.

AFFIRMED.