John ALFORD, Theo V. Anderson, Robert G. Brown, Norman Cross, Jr., J.G. Edsall, George P. Foster, Wayne L. Garden, John F. Gray, Susan B. Kennedy, Arthur McDonough, Stephen K. Mills, Henry H. Modrak, R. Wayne Neal, Richard D. Raines, William R. Reid, Michael J. Renfro, David G. Ritchie, James Ritchie, R. Clio Robertson, Russell D. Robinson, Kirk M. Smith, Robert E. Spann, W.L. Storey, Denise C. Suek, and Ray Wicker, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–2390.

United States Court of Appeals, Tenth Circuit.

Aug. 26, 1986.

James E. Ritchie (Martin A. Schainbaum and Kathleen A. Miller of Martin A. Schainbaum, P.C., with him on the brief), San Francisco, Cal., for petitioners-appellants.

Gary D. Gray (Roger M. Olsen, Acting Asst. Atty. Gen., and Michael L. Paup and

Richard Farber, Attys., Tax Div., with him on the brief), Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BARRETT, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

John Alford and twenty-four other taxpayers seek review of an order of the United States Tax Court dismissing for lack of jurisdiction a consolidated petition for redetermination filed in the Tax Court by the twenty-five appellants in this court and some eighty-six other taxpayers. The other eighty-six taxpayers, or most of them, have also appealed the adverse ruling which they suffered in the Tax Court to other Courts of Appeals. Jurisdiction is based on 26 U.S.C. § 7482(a). Venue is based on 26 U.S.C. §§ 7482(b)(1)(A) and 7483. The opinion of the Tax Court appears as *Abrams v. Commissioner*, 84 T.C. 1308 (1985).

At issue is whether a letter notice sent to each of the petitioners is a notice of deficiency pursuant to 26 U.S.C. § 6212(a). See also 26 U.S.C. § 6213. The letter notice advised petitioners that the Internal Revenue Service believed that any deductions or credits derived from investments in a tax shelter known as "Liberty Financial 1983 Government Securities Trading Strategy" were not allowable, and that it planned to review returns claiming such deductions. The letter closed by suggesting that the recipients might want to file an amended tax return for the taxyear 1983 if they had claimed such deduction.[1] In response to this letter, the consolidated petition for redetermination was filed in the Tax Court.

[1, 2] The Tax Court is a court of limited jurisdiction, 26 U.S.C. § 7442; *Continental Equities, Inc. v. Commissioner of Internal Revenue*, 551 F.2d 74, 79 (5th Cir.1977), and the determination of a deficiency and the issuance of a notice of deficiency are absolute preconditions to Tax Court jurisdiction. Rule 13, Rules of Practice and Procedure of the United States Tax Court; *Laing v. United States*, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 477 n. 4, 46 L.Ed.2d 416 (1976). Accordingly, if the letter notice is *not* a notice of deficiency, the Tax Court had no jurisdiction to hear the petition for redetermination. No particular form is required for a statutory notice of deficiency. *Commissioner v. Forest Glen Creamery Co.*, 98 F.2d 968, 971 (7th Cir. 1938); *Jarvis v. Commissioner*, 78 T.C. 646, 655–56 (1982); *Scar v. Commissioner*, 81 T.C. 855, 860 (1983). Although a notice need not contain any particulars or explanation as to how the deficiencies were determined, it must set forth the amount of the deficiency and the tax year involved to meet the requirements of 26 U.S.C. § 6212(a). 81 T.C. at 860–61; *Commissioner v. Stewart*, 186 F.2d 239, 241–42 (6th Cir.1951); *Foster v. Commissioner*, 80 T.C. 34, 229–30 (1983), *aff'd in part, vacated in part on other grounds*, 756 F.2d 1430 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 793, 88 L.Ed.2d 770 (1986).

■ The Tax Court held that the notice was not a notice of deficiency. We agree. We are in complete accord with both the

---

1. The letter stated, in pertinent part:
   Re: Liberty Financial 1983 Government Securities Trading Strategy
   Dear Taxpayer:
   Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.
   We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.
   If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return.

general reasoning of the Tax Court and the result reached. As far as we are presently advised, all other circuit courts considering this matter have reached the same conclusion as we. *See Donley v. Commissioner,* 791 F.2d 383 (5th Cir.1986); *Spector v. Commissioner,* 790 F.2d 51 (8th Cir.1986); *Benzvi v. Commissioner,* 787 F.2d 1541 (11th Cir.1986); and *Abrams v. Commissioner,* 787 F.2d 939 (4th Cir.1986).[2]

Judgment affirmed.

---

**2.** The Second Circuit has also affirmed dismissal of this action. *Neal v. Comm'r,* No. 85–4147(R) (2d Cir. March 17, 1986) (unpublished).

We have been advised that appeals by other taxpayers are currently pending in the Sixth, Seventh, and Ninth Circuits.