R.A. GASKA; Terry L. Lesley and Everett F. Telljohnann, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–1744.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 11, 1986.

Decided Sept. 11, 1986.

Martin A. Schainbaum (argued), Kathleen A. Miller, San Francisco, Cal., James

E. Ritchie, Washington, D.C., for petitioners-appellants.

Fred T. Goldberg, Jr., Chief Counsel, Internal Revenue Service, Washington, D.C., Michael L. Paup (Lead Counsel), Glenn L. Archer, Jr., Tax Div., Dept. of Justice, Washington, D.C., Roger M. Olsen, Gary D. Gray (argued), Richard Farber, for respondent-appellee.

Before JONES and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

This appeal is one of a number brought in several circuits concerning the tax court's characterization of a certain pre-filing notification letter issued by the IRS. The question is whether the tax court correctly dismissed plaintiffs' petition for lack of jurisdiction on the basis that a pre-filing notification letter is not the equivalent of a notice of deficiency. We affirm the order of the tax court dismissing the petition.

The IRS sent plaintiffs the following pre-filing notification form letter:

Tax Shelter Promotion:
*See below
Tax Year: 1983
*Liberty Financial Services, First Capital Securites, Inc.
Re: Liberty Financial 1983 Government Securities Trading Strategy

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that promotion, we believe that the purported tax deductions and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended return. J.App. at 1. *See* Rev.Proc. 83–78, 1983–2 C.B. 595, *modified by* Rev.Proc. 84–84, 1984–2 C.B. 782. Plaintiffs interpreted the form letter to be a deficiency notice, and so joined with others who had received the letter in a consolidated petition in the United States Tax Court for a redetermination of the deficiencies allegedly asserted in the form letter.

But the letter received by plaintiffs did not contain the information necessary to comprise a notice of deficiency. The Sixth Circuit has stated that a deficiency notice is "sufficient" when it advises the taxpayer that the Commissioner has determined a deficiency, when it tells the taxpayer the amounts of the deficiency and the years involved, and when the taxpayer is informed of the basis of the Commissioner's action. *Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir.1951). Yet the form letter received by plaintiffs clearly indicated that no deficiency had thus far been assessed; nor did the form letter specify the amount of the potential deficiency. Plaintiffs argue that only a "simple mathematical calculation" is necessary to determine their ultimate deficiencies; but this argument ignores the possibility that their tax returns may contain other errors affecting their total deficiencies.

Therefore, like the other circuits that have addressed this issue, *Donley v. Commissioner*, 791 F.2d 383 (5th Cir.1986); *Spector v. Commissioner*, 790 F.2d 51 (8th

Cir.1986); *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir.1986); *Eggleston v. Commissioner*, 787 F.2d 939 (4th Cir.1986), we hold that the pre-filing notification letter was not a notice of deficiency, and so did not give plaintiffs their "ticket to the tax court." *See Corbett v. Frank*, 293 F.2d 501, 502 (9th Cir.1961). Although the issuance of such an *in terrorem* letter may be of questionable propriety, the tax court was correct in finding that such a letter was not a basis for its jurisdiction. *See* 26 U.S.C. § 6213(a) (1982); Rule 13, Rules of Practice and Procedure of the United States Tax Court (Jan. 16, 1984).

We therefore AFFIRM the tax court's order.