CHARLES E. HUBBARD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 23272-86.      Filed October 8, 1987.

*Geoffrey J. O'Connor*, for the petitioner.

*Joseph T. Chalhoub* and *Oksana D. Xenos*, for the respondent.

## OPINION

STERRETT, *Chief Judge*: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456 of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: This matter came before the Court on petitioner's motion to dismiss for lack of jurisdiction and petitioner's motion for an award of litigation costs. At a hearing held on this matter, respondent advised that he had no objection to the granting of petitioner's motion to dismiss for lack of jurisdiction on the basis that no valid notice of deficiency was issued to petitioner's last known address. Based on the pending motion for an award of litigation costs under Rule 231, the Court withheld entry of the order of dismissal.

The issue for consideration is whether respondent's position was substantially justified within the meaning of section 7430(c)(2)(A)(i) in opposing petitioner's motion to dismiss for lack of jurisdiction.

---

[1]This case was heard pursuant to sec. 7456 (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1556, 100 Stat. 2755), and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## BACKGROUND FACTS

The notice of deficiency in this case was issued on November 13, 1985. The notice determined deficiencies as follows:

| Year | Deficiency |
| --- | --- |
| 1976 | $8,569.89 |
| 1977 | 8,334.40 |
| 1978 | 8,404.02 |
| 1979 | 5,789.40 |

The notice was addressed to petitioner at 950 N. Cass Lake Road, Suite 109, Pontiac, Michigan 48054. Petitioner did not initially receive the notice of deficiency. On May 27, 1986, a representative of the Internal Revenue Service, in a handwritten cover letter, forwarded a copy of the November 13, 1985, notice of deficiency by regular mail to petitioner. The May 27, 1986, letter stated as follows:

Mr. Hubbard

Please review the enclosed 556 and statuory (sic) notice. Your representative should be able to advise you on the best course of actions. If you have any additional questions regarding this matter please feel free to call.

(S)Lynn K. Clink
*Revenue Agent*

A petition was filed on June 26, 1986.[2] Petitioner made various claims, including an allegation that the notice of deficiency was not sent to his last known address and also that the statute of limitations had expired before the issuance of the notice of deficiency. On the same date, petitioner's motion to dismiss for lack of jurisdiction was filed. In his motion, petitioner alleged that the notice of deficiency, mailed on November 13, 1985, was not sent to his last known address and was not received by him. He further alleged that he first received a copy of the notice of deficiency soon after the copy was mailed to him on May 27, 1986, by Revenue Agent Clink. By notice of filing, dated July 23, 1986, respondent was given until August 12, 1986, to file an objection to petitioner's motion. By order dated August 21, 1986, we granted respondent's motion to extend

---

[2] At the time of filing the petition herein, petitioner resided at Pontiac, Michigan.

time to file an objection to October 17, 1986. Respondent's notice of objection to petitioner's motion to dismiss was filed on October 14, 1986. In the notice of objection, respondent stated in part:

3. Admits that the notice of deficiency dated and mailed on November 13, 1985, was not mailed to the petitioner's last known address and was, therefore, insufficient; alleges that the notice of deficiency mailed to the petitioner on May 27, 1986, was mailed to the petitioner's last known address within the time prescribed under I.R.C. section 6501.

Respondent concluded that the mailing on May 27, 1986, served to: (1) Provide jurisdiction to the Court; and, (2) suspend the running of the statute of limitations for assessment.[3]

At a November 19, 1986, hearing held in Washington, D.C., counsel for the parties presented argument in support of their respective positions. At the conclusion of the hearing, the Court took petitioner's motion under advisement. After the Court's initial consideration of the pending motion, the Court issued an order with attached memorandum sur order, dated January 12, 1987. The Court asked that the parties provide further information and argument with respect to respondent's position that the mailing of a copy of the November 13, 1985, notice of deficiency to petitioner on May 27, 1986, constituted the issuance of a notice of deficiency on May 27, 1986. Petitioner, in his response filed February 4, 1987, argued that the forwarding of a copy of the November 13, 1985, notice of deficiency on May 27, 1986, did not constitute the issuance of a notice of deficiency. In his report and supplemental memorandum of law, filed January 30, 1987, respondent argued to the contrary that the copy of the November 13, 1985, notice of deficiency sent to petitioner on May 27, 1986, constituted the issuance of a notice of deficiency.

By order dated March 10, 1987, the Court set petitioner's motion to dismiss for lack of jurisdiction for further hearing at a motions session for April 15, 1987. In its order, the

[3]Special consents to extend the time to assess tax (Forms 872-A) had previously been executed by the parties extending the periods for assessment of taxes. The thrust of respondent's argument was that the issuance of the Nov. 13, 1985, notice of deficiency did not terminate the Forms 872-A since said notice was invalid. Respondent's argument was made prior to the issuance of our opinion in *Roszkos v. Commissioner*, 87 T.C. 1255 (1986), on appeal (9th Cir., July 14, 1987).

Court cited *Abrams v. Commissioner*, 84 T.C. 1308, 1310 (1985), affd. 814 F.2d 1356 (9th Cir. 1987), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir. 1986), affd. sub nom. *Spector v. Commissioner*, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. *Donley v. Commissioner*, 791 F.2d 383 (5th Cir. 1986), affd. in an unpublished opinion sub nom. *Becker v. Commissioner*, 799 F.2d 753 (7th Cir. 1986), affd. sub nom. *Gaska v. Commissioner*, 800 F.2d 633 (6th Cir. 1986), affd. sub nom. *Alford v. Commissioner*, 800 F.2d 987 (10th Cir. 1986), affd. in an unpublished order sub nom. *Neal v. Commissioner* (2d Cir. 1986), cert. denied 479 U.S. ____ (1986). In this connection, the Court advised respondent that he should be prepared to present evidence concerning his intentions with respect to the issuance of the *alleged* notice of deficiency, mailed May 27, 1986. The Court was also interested in whether or not assessments had been made with respect to the years in issue. On March 25, 1987, petitioner's supplemental Rule 50(c) statement was filed. In this statement, counsel for petitioner advised that assessments had been made for the taxable years 1976 through 1979. The assessments were made subsequent to a default of the November 13, 1985, notice of deficiency, but prior to the mailing of a copy of the notice to petitioner on May 27, 1986. Counsel for petitioner further stated in his supplemental Rule 50(c) statement in part as follows:

> If there is any chance that these materials would make the scheduled April 15, 1987 hearing unnecessary, counsel for petitioner would appreciate prompt notice of cancellation of same in order to save petitioner the expense of counsel having to travel to Washington, D.C. for such hearing.

On April 8, 1987, petitioner's second supplemental Rule 50(c) statement was filed with the Court. In this document, petitioner advised the Court that respondent issued a new notice of deficiency, dated March 31, 1987, which was virtually identical to the original November 13, 1985, notice of deficiency.[4] On April 10, 1987, a petition was filed with

---

[4]The Mar. 31, 1987, notice of deficiency contained the exact same years as the original Nov. 13, 1985, notice of deficiency. The Mar. 31, 1987, notice seeks additional interest under sec. 6621(c) and was addressed to petitioner at P.O. Box 809, Pontiac, Michigan 48056.

respect to the notice of deficiency, dated March 31, 1987. This case was docketed as 9008-87S.[5]

On April 15, 1987, a further hearing was held on petitioner's motion to dismiss for lack of jurisdiction. Counsel for both petitioner and respondent appeared. At this hearing, counsel for respondent acknowledged *for the first time* that he no longer objected to petitioner's motion to dismiss for lack of jurisdiction. Respondent conceded that sending a copy of the November 13, 1985, notice of deficiency on May 27, 1986, did not constitute the issuance of a notice of deficiency on May 27, 1986. Respondent's counsel did not advise petitioner's counsel prior to the April 15, 1987, hearing that respondent was prepared to concede and withdraw his objection in this matter. Petitioner's counsel traveled from Garden City, New York, to Washington, D.C., for purposes of presenting argument on behalf of his motion.

## OPINION

Section 7430(a) provides that a taxpayer who is the prevailing party in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. The taxpayer must be a "prevailing party," which is described in the statute as a party which:

(1) establishes that the position of the United States in the civil proceeding was not substantially justified (sec. 7430(c)(2)(A)(i));

(2) substantially prevailed in the litigation (sec. 7430(c)(2)(A)(ii)); and

(3) had a net worth which did not exceed $2,000,000 at the time the civil tax case proceeding was commenced (sec. 7430(c)(2)(A)(iii)).[6]

(*Sher v. Commissioner*, 89 T.C. 79 (1987). Fn. refs. in *Sher* omitted.)

For purposes of petitioner's motion, respondent concedes that petitioner has satisfied all of the prerequisites for an

---

[5]By order dated July 29, 1987, the "S" designation was removed upon the granting of respondent's motion.

[6]Sec. 7430(c)(2)(A)(iii) was added by sec. 1551(d)(2) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752.

award of litigation costs, except that he believes his position in this case was substantially justified. Furthermore, we have previously held that we may award litigation costs pursuant to section 7430 after we determine that a case should be dismissed for lack of jurisdiction. *Weiss v. Commissioner*, 88 T.C. 1036 (1987).[7]

We must decide whether respondent's position in this case was substantially justified. This is essentially a test of reasonableness. *Sher v. Commissioner, supra.* Accordingly, we may look to the cases interpreting section 7430 prior to its amendment by the Tax Reform Act of 1986.[8] The party seeking litigation costs bears the burden of proving entitlement to them. Rule 232(e); *Rutana v. Commissioner*, 88 T.C. 1329 (1987); see also *Baker v. Commissioner*, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir 1986).

The legislative history of section 7430 provides guidelines for determining whether respondent's conduct was reasonable:

The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. * * * [H. Rept. 97-404, at 12 (1981).]

---

[7]In his memorandum, respondent indicates that he does not concede that petitioner has substantially prevailed, however, he further acknowledges that the Court could find that petitioner substantially prevailed if the Court views the term as relating exclusively to this case, and disregards the existence of the case at docket No. 9008-87. Respondent concedes that *Weiss v. Commissioner*, 88 T.C. 1036 (1987), stands for the proposition that we may award litigation costs in a case which we have decided must be dismissed for lack of jurisdiction. The fact that respondent issued a new notice of deficiency covering the same taxable periods and that a petition was filed does not change that result. We must decide the jurisdictional issue before we consider any question regarding the statute of limitations. We have determined in this case that we have no jurisdiction. Whether the statute of limitations barred the issuance of a second notice of deficiency on Mar. 31, 1987, is a question not before us in this docket.

[8]Sec. 7430(c)(2)(A)(i) was amended by sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. The provision applies to amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985. Prior law required the taxpayer to prove the Government's position "was unreasonable."

Accordingly, in order to determine whether respondent acted reasonably we must review the legal basis for his position and the actions (or inactions) taken during the litigation. *Baker v. Commissioner, supra.*

Respondent's position was set forth in his objection filed October 14, 1986. Respondent stated in part as follows:

The notice mailed on May 27, 1986, was sufficient within the meaning of section 6212(b)(1), because it was mailed within the period for assessment of tax for the years 1976 through 1979 and was mailed to the petitioner's correct address. Consequently, the mailing of the notice on May 27, 1986, served to suspend the running of the statute of limitations for assessment of tax and to start the running of the 90-day period for petitioning the Tax Court.

The petition filed in this case on June 26, 1986, was timely with respect to the May 27, 1986 mailing of the notice. Accordingly, the Tax Court has jurisdiction over this case. *See, Cole v. Commissioner,* 30 T.C. 665, 672 (1958); *McCraig v. Commissioner,* 51 T.C. 331, 336-337 (1968); *Cooper v. Commissioner,* T.C. [Memo.] 1984-329; *see also, Frieling v. Commissioner,* 81 T.C. 42, 48 (1983); *Crum v. Commissioner,* 635 F.2d 895 (D.C. Cir. 1980); *McPartlin v. Commissioner,* 653 F.2d 1185, 1192 (7th Cir. 1981); *accord, Kennedy v. United States,* 403 F.Supp. 619, 624 (W.D. Mich. 1975), *aff'd mem.,* 556 F.2d 581 (6th Cir. 1977); [Additional citation omitted.]

Because of the jurisdictional problem we could not consider the statute of limitations argument at least until the jurisdictional issue was decided.[9] Since respondent conceded that the November 13, 1985, notice of deficiency was invalid and further that a petition had not been filed within 90 days of the issuance of that notice, it was clear that our jurisdiction could not be based upon the issuance of that notice. In fact, in his memorandum of law, respondent relied on the alleged notice of deficiency mailed May 27, 1986, for jurisdiction in this case.

In the Court's order, dated January 12, 1987, with attached memorandum sur order, the Court questioned respondent's reliance on the May 27, 1986, letter as a notice of deficiency. The Court asked the parties to submit further

---

[9]It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely petition. See *Pyo v. Commissioner,* 83 T.C. 626, 632 (1984); *Mollet v. Commissioner,* 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); *Keeton v. Commissioner,* 74 T.C. 377, 379 (1980).

memoranda with respect to this issue.[10] In his supplemental memorandum of law filed January 30, 1987, respondent argued that he issued a notice of deficiency on May 27, 1986. In support of this argument, respondent stated as follows:

Although section 6212(a) authorizes the Secretary to send deficiency notices by certified or registered mail, other means of delivery may be used. *Reddock v. Commissioner*, 72 T.C. 21, 25 (1979). The Revenue Agent's use of ordinary, rather than registered or certified mail in giving notice to the petitioner on May 27, 1986, did not derogate from the sufficiency of such notice within the meaning of section 6212(a). *See, Boren v. Riddell*, 241 F.2d 670, 673-674 (9th Cir. 1957).[11]

It was not until the April 15, 1987, hearing that respondent conceded that the May 27, 1986, letter did not constitute a notice of deficiency and, accordingly, agreed that petitioner's motion should be granted. With this concession, an affidavit was filed on April 15, 1987, signed by Revenue Agent Clink. In the affidavit, Revenue Agent Clink states that the purpose of her mailing the copy of the November 13, 1985, notice of deficiency on May 27, 1986, was to furnish the taxpayer a copy of said notice.

In his memorandum of law in response to petitioner's motion for award of litigation costs, filed June 10, 1987, respondent stated in part as follows: "Confusion has resulted from the inartfully drafted statements on page 5 of respondent's Memorandum of Law, mailed to the Tax Court on October 8, 1986." Respondent suggests that he did not intend to persuade the Court that a new notice of deficiency was issued on May 27, 1986. Respondent further argues in his memorandum as follows:

The respondent's previous inartful and ambiguous use of a shorthand identification of the date on which a copy of the notice was remailed to the taxpayer underscored the confusion, understandably, when the Court referred, in its January 12, 1987, order, to the "purported" May 27, 1986, notice. At the time respondent mailed its supplemental memorandum of law, in response to the Court's order, respondent continued to believe

---

[10]The Court specifically advised the parties to consider the cases of *Houlberg v. Commissioner*, T.C. Memo. 1985-497, and *Ravin v. Commissioner*, T.C. Memo. 1981-107, affd. without published opinion 755 F.2d 936 (9th Cir. 1985).

[11]At the hearing held on Apr. 15, 1987, counsel for respondent asked the Court to ignore this paragraph. Counsel for respondent stated in part "We do not agree with that position. It is not a good position and especially since *Roszkos*, we are asking the Court to ignore it."

that the actual notice coupled with a timely filing was a justifiable position under the circumstances for the Court to retain jurisdiction.

Respondent further argues that he was left with the following alternatives:

1. He could concede to the dismissal of this proceeding and issue a new deficiency notice to the petitioner at his correct address, which would be followed, undoubtedly, by the filing of a new petition in this Court and the incurrence of additional costs of litigation; or

2. As the petition was filed in this case within 90 days after the petitioner received actual notice (by means of a copy thereof mailed to him on May 27, 1986) the respondent could argue, alternatively, that such notice was sufficient, for the Court to assume (or retain) jurisdiction. *Kennedy v. United States*, 403 F.Supp. 619 (W.D. Mich. 1975), *aff'd.* by memorandum order 556 F.2d 581 (6th Cir. 1977).

Respondent states that he chose the second alternative believing it to be expedient and practical.

We believe that respondent acted unreasonably in this case. Respondent now acknowledges that he did not intend the May 27, 1986, mailing of the November 13, 1985, notice of deficiency to constitute the issuance of a notice of deficiency on May 27, 1986.[12] Yet from the time that respondent first responded to petitioner's motion to dismiss (October 14, 1986) until the April 15, 1987, hearing, respondent steadfastly maintained that the copy of the notice of deficiency mailed on May 27, 1986, was sufficient to support jurisdiction under sections 6212 and 6213.

Respondent's position (prior to his concession) was not supported by the facts and directly contradicted the position he has taken in similar cases and was contrary to the weight of authority. Respondent has argued, and this Court has held, that it has no jurisdiction over a case based upon a letter from respondent to a taxpayer which was not *intended* to constitute a notice of deficiency. *Abrams v. Commissioner*, 84 T.C. 1308, 1310 (1985), affd. 814 F.2d 1356 (9th Cir. 1987), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir. 1986), affd. sub nom. *Spector v. Commissioner*, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. *Donley v. Commissioner*, 791

---

[12]Revenue Agent Clink, in an affidavit, acknowledges that she did not intend the issuance of a notice of deficiency on May 27, 1986. Furthermore, assessments were made after a default on the Nov. 13, 1985, notice and prior to the May 27, 1986, correspondence.

F.2d 383 (5th Cir. 1986), affd. in an unpublished opinion sub
nom. *Becker v. Commissioner*, 799 F.2d 753 (7th Cir. 1986),
affd. sub nom. *Gaska v. Commissioner*, 800 F.2d 633 (6th
Cir. 1986), affd. sub nom. *Alford v. Commissioner*, 800 F.2d
987 (10th Cir. 1986), affd. in an unpublished order sub nom.
*Neal v. Commissioner* (2d Cir. 1986), cert. denied 479
U.S. ____ (1986); see also *Lerer v. Commissioner*, 52 T.C.
358, 363-365 (1969). We believe it was unreasonable for
respondent to take the position that the May 27, 1986,
correspondence was a notice of deficiency when he clearly
did not intend it to constitute a notice of deficiency.
Respondent's position was not supported by his own
version of the facts.[13]

Respondent's alternative position was that, even if the
May 27, 1986, letter did not suffice as a "notice of
deficiency," it served to give petitioner actual notice of the
deficiency. Thus, respondent argued that since a petition
was filed within 90 days of May 27, 1986, the date
petitioner received actual notice of the deficiency, the Tax
Court had jurisdiction over this case. Respondent's primary
authority for taking this position is *Kennedy v. United
States*, 403 F. Supp. 619 (W.D. Mich. 1975), affd. without
published opinion 556 F.2d 581 (6th Cir. 1977).

In *Kennedy*, a notice of deficiency was returned to the
Internal Revenue Service by the post office as undeliver-
able. The taxpayer subsequently learned of the deficiency
and filed a petition. The District Court found that the
taxpayer had used two addresses in correspondence with
the Internal Revenue Service. The notice had been ad-
dressed to one of these addresses, but the post office
erroneously believing that the taxpayer no longer received
mail at that address, did not even attempt delivery, instead
returning the notice to the Service. The Service did not
remail the notice to the second address, despite the fact
that it had successfully corresponded with the taxpayer at
that address. The Court held that the taxpayer was
estopped from denying the address used by the Internal
Revenue Service, but at the same time, could not be held

---

[13]See note 12.

responsible for the post office's nondelivery of the notice.[14] Further, the Court believed that upon return of the notice, the Internal Revenue Service should have rechecked the address, an action which would have revealed the second address. Under these unusual circumstances, the Court held that the date the taxpayer received actual notice should be considered the date of mailing.

In the case before us, there are no such unusual circumstances. Respondent, by his own admission, mailed the November 13, 1985, notice to the wrong address. Petitioner did not create confusion as to his last known address, nor did the action of some third party cause nondelivery of the notice.

We note that, in circumstances where the notice was sent to the last known address but not received, and the petition was not timely filed, respondent has steadfastly argued against our taking jurisdiction of those cases. In many such cases, the petition was filed within 90 days of the time petitioner first received actual notice of the deficiency.[15] Indeed, such cases are generally dismissed for lack of jurisdiction.

Respondent's position in this case is clearly inconsistent with its position in those other similar cases. Such inconsistency, we believe, demonstrates unreasonableness. *Spencer v. N.L.R.B.*, 712 F.2d 539, 559-560 (D.C. Cir. 1983); *Phillips v. Commissioner*, 88 T.C. 529 (1987).

Respondent admits that he created confusion in his inarticulate position, and we find that he acted unreasonably in not carefully reviewing his position at an earlier time and recognizing the jurisdictional defect. Had respondent acknowledged the jurisdictional defect of this case in a reasonable time after the filing of petitioner's motion on June 26, 1986, petitioner could have been spared additional costs of litigating this docket. On at least two occasions, the Court "encouraged" respondent to reconsider his argument and position on jurisdiction. Respondent failed to

---

[14]Apparently, the taxpayer did periodically check his mail at the address to which the notice was originally addressed, therefore, had it been delivered, he may or may not have filed a timely petition, but would have been estopped to claim that the notice was not sent to his last known address.

[15]See *Eisenberg v. Commissioner*, T.C. Memo. 1983-767; *Lewis v. Commissioner*, T.C. Memo. 1983-505; see also *Mulder v. Commissioner*, T.C. Memo. 1987-363.

carefully examine the evidence.[16] Respondent's inconsistent and confusing posture came to a climax when, without notice to the Court, he issued a new notice of deficiency on March 31, 1987, relating to the same tax liabilities. While one might reasonably conclude that respondent was ready to concede the jurisdictional issue in this docket, given his prior behavior, it was impossible to determine what his intentions were. Assuming he intended to concede the jurisdictional issue in this docket at some point before issuance of the March 31, 1987, notice of deficiency, it would have been reasonable to so notify the Court and petitioner's counsel prior to the April 15, 1987, scheduled hearing. As a result of respondent's failure to provide such notice, petitioner's counsel traveled to Washington, D.C., for purposes of argument on his motion. Respondent acted unreasonably in not at least advising petitioner that he intended to seek leave to withdraw his objection to petitioner's motion to dismiss for lack of jurisdiction, so that counsel for petitioner could avoid the expense of travel to Washington.[17]

Our evaluation of the circumstances of this case leads us to the conclusion that it was not reasonable for respondent to pursue this litigation and that, therefore, he should bear petitioner's cost of litigation attributable to his unreasonableness. When the law is not clear, it may be reasonable for respondent to pursue litigation that may tend to clarify the law, even though such litigation will be burdensome and expensive for the petitioner, and even though respondent's chances of success may be marginal. *Don Casey Co. v. Commissioner*, 87 T.C. 847, 862 (1986). Here, the law is clear: our jurisdiction depends on a valid notice of deficiency and a timely filed petition. Similarly, the facts are clear: the notice of deficiency was not valid as it was not issued to petitioner's last known address, and the invalidity was not

---

[16]An early examination of the facts would have revealed that the deficiency was assessed after default on the Nov. 13, 1985, notice of deficiency. Furthermore, the facts clearly indicate that Revenue Agent Clink did not intend the issuance of a notice of deficiency on May 27, 1986. Yet, respondent waited until just before the Apr. 15, 1987, hearing to obtain an affidavit from the revenue agent and information with respect to the assessments.

[17]Respondent argues that even had he advised petitioner's counsel, he could not predict the outcome of the jurisdictional motion. While there is no doubt that it is within the Court's province to grant or deny such motion, respondent's failure to advise petitioner of his change of position denied petitioner's counsel the opportunity to make an informed judgment about expending funds to appear at the hearing. See, for example, Rule 50(c).

caused by petitioner. Respondent may seek the reversal of precedent, or seek to carve out an exception to a well-established rule, but if he is unsuccessful, the prevailing party may be awarded litigation costs. See *Don Casey Co. v. Commissioner, supra.*[18]

In summary, we find that respondent was unreasonable in maintaining a position which was (1) clearly against the weight of authority; and (2) inconsistent with the position respondent has taken in other similar cases. In addition, respondent acted unreasonably in abandoning his position and issuing a new notice of deficiency for the same years, without notice to petitioner or the Court. We find that respondent's unreasonable position has caused petitioner to incur litigation costs which petitioner is entitled to recover from respondent.

In support of his motion, petitioner provided the affidavit of Geoffrey J. O'Connor, counsel for petitioner, setting forth in detail, as required by Rule 231(b)(5), the nature and amount of each item of costs paid or incurred for which an award is claimed. Respondent did not challenge the reasonableness of the amount claimed by petitioner. In summary, petitioner claims the following amounts:

| *Item* | *Amount* |
|---|---|
| Attorney fees | [19]$2,619.38 |
| Word processing charges | 73.50 |
| Xeroxing charges | 87.75 |
| Postage | 2.42 |
| Filing fee for petition | 60.00 |
| Expense of attending Apr. 15, 1987, motions session | 185.00 |
| Total | 3,028.05 |

We believe the amount of costs claimed by petitioner is reasonable. Accordingly we award petitioner $3,028.05 in litigation costs.

*An appropriate order will be entered.*

---

[18]It appears that counsel for respondent was so preoccupied with the issue of validity of the Forms 872-A's (*Roszkos v. Commissioner, supra*) that he failed to carefully consider the evidence and his position on the jurisdictional issue.

[19]This figure represents 34.925 billable hours at $75 per hour (the maximum rate allowable under sec. 7430(c)(1)(A)(ii)(III)).