935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Guy C. SCHWARK, Jr., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-1953.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a Tax Court decision dismissing a taxpayer's petition for lack of jurisdiction. On appeal, the taxpayer alleges: (1) that the Tax Court erred in dismissing the case on jurisdictional grounds, and (2) that he has a right to relief under 42 U.S.C. Sec. 1983. Because we find neither of these contentions persuasive, we shall affirm the dismissal.
 
 
 2
 * The taxpayer, Guy C. Schwark, Jr., filed a petition in the United States Tax Court on January 4, 1990. He alleged that the Internal Revenue Service had improperly issued a notice of levy against him, in violation of Sec. 6213 of the Internal Revenue Code, 26 U.S.C. Sec. 6213, and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Attached to the petition was a "Notice of Levy on Wages, Salary, and Other Income" dated December 1, 1989. The notice indicated that Mr. Schwark owed the following amounts:
 
 
 3
 Tax Period Ended Amount Owed
 123182 $12,436.54
 123183 $ 921.47
 123185 $ 2,180.41.
 
 
 4
 The government moved to dismiss the petition for failure to state a claim, arguing, among other things, that the petition failed to identify any notice of deficiency that might give rise to the action. Mr. Schwark filed a response that was accompanied by various attachments but did not include any notice of deficiency.
 
 
 5
 The government then filed a motion to dismiss the petition for lack of jurisdiction. The government argued: (1) that with respect to the 1983 and 1985 taxable years, the Tax Court was without jurisdiction to hear the case because no notice of deficiency had been issued, and (2) that with respect to the 1982 taxable year, I.R.S. records indicated that a notice of deficiency was mailed to the taxpayer on October 23, 1985, but the Tax Court was without jurisdiction to hear the matter because Mr. Schwark's petition was not filed within the ninety-day period prescribed by I.R.C. Sec. 6213(a). Mr. Schwark again filed a response.
 
 
 6
 On June 21, 1990, the Tax Court entered an order dismissing the case for lack of jurisdiction. The order observed, in pertinent part, that "petitioner has not set forth any facts which would support findings that (1) notices of deficiency authorized by I.R.C. sections 6211 and 6212 were issued with respect to his 1983 or 1985 taxable years or (2) a timely petition was filed with respect to his 1982 taxable year." This appeal followed.
 
 II
 
 7
 It is well settled that the Tax Court is a court of limited jurisdiction with no general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987). It may only adjudicate controversies and grant relief to the extent permitted by Congress. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 421-422 (1943) (regarding the Board of Tax Appeals). Unfortunately for the petitioner, Congress simply has not authorized the Tax Court to adjudicate controversies such as the one presented here.
 
 A. The 1983 and 1985 taxable years
 
 8
 I.R.C. Sec. 6213(a) provides, in pertinent part, that a taxpayer may file a petition with the Tax Court "[w]ithin 90 days ... after the notice of deficiency ... is mailed...." (Emphasis supplied.) As Rule 13(a) of the Tax Court's Rules of Practice and Procedure explains,
 
 
 9
 "[e]xcept in actions for declaratory judgment, for disclosure, or for readjustment or adjustment of partnership items ... the jurisdiction of the Court depends ... upon the issuance by the Commissioner of a notice of deficiency in income, gift, or estate tax ... or in any other taxes which are the subject of the issuance of a notice of deficiency by the Commissioner...." (Emphasis supplied.)
 
 
 10
 Contrary to the argument put forward by Mr. Schwark, there is an important distinction between a notice of levy, such as the one attached to his petition, and a notice of deficiency. I.R.C. Sec. 6331(d) provides that "[l]evy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax...." (Emphasis supplied.) The term "deficiency," however, is defined in I.R.C. Sec. 6211(a) as
 
 
 11
 "the amount by which the tax imposed ... exceeds the excess of--
 
 
 12
 (1) the sum of
 
 
 13
 (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
 
 
 14
 (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
 
 
 15
 (2) the amount of rebates ... made."
 
 
 16
 A deficiency, then, is the difference between what the taxpayer actually owes and what his tax return says he owes. Amounts listed as due on a return but not yet paid may be the subject of a levy, but they do not constitute a deficiency.
 
 
 17
 Because Mr. Schwark offered no evidence that a notice of deficiency was issued for 1983 and 1985, the Tax Court correctly dismissed the claims with respect to those years for lack of jurisdiction. See also Gaska v. Commissioner, 800 F.2d 633, 635 (6th Cir.1986) (the notice of deficiency is the petitioner's "ticket to the Tax Court").
 
 B. The 1982 taxable year
 
 18
 I.R.C. Sec. 6213(a) provides in relevant part that a petition to the Tax Court must be filed "[w]ithin 90 days ... after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day[ ) ]...." (Emphasis supplied.) A notice is sufficient, moreover, if it is "mailed to the taxpayer at his last known address." I.R.C. Sec. 6212(b)(1). Rule 13(c) of the Tax Court's Rules of Practice and Procedure explains that the ninety-day requirement is mandatory and jurisdictional: "In all cases, the jurisdiction of the Court ... depends on the timely filing of a petition."
 
 
 19
 In the case at bar, the Commissioner produced evidence to show that the notice of deficiency for the 1982 taxable year was mailed to Mr. Schwark's last known address on October 23, 1985. Mr. Schwark was therefore required to file his petition no later than January 21, 1986. The petition at issue here, however--a petition dated December 30, 1989--was not filed until January 4, 1990. On these facts, the Tax Court did not err in dismissing the petition as untimely.
 
 III
 
 20
 Mr. Schwark also maintains that he is entitled to relief under 42 U.S.C. Sec. 1983. There are a number of reasons why this claim is without merit, one of which is that the jurisdictional prerequisites discussed above have not been satisfied. Another is that the Tax Court only addressed the question of its own jurisdiction, and this court is not empowered "to decide an issue that was not the subject of the Tax Court proceeding...." McCoy, 484 U.S. at 6.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation