T.C. Memo. 2005-79

UNITED STATES TAX COURT

OLIVIA SCIBILIA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8085-04L.                    Filed April 11, 2005.

Olivia Scibilia, pro se.

Marie E. Small, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioner petitioned the Court under section
6330(d) to review a determination of the Commissioner's Office of
Appeals (Appeals) sustaining respondent's proposed levy upon her
property.[1]  Respondent proposed the levy to collect 1998 Federal

---

[1] Unless otherwise noted, section references are to the
applicable versions of the Internal Revenue Code.  Rule
                                        (continued...)

income taxes with additions thereto totaling approximately $331,202.39.[2]  Respondent has filed a motion for summary judgment under Rule 121, to which petitioner has not responded.  We shall grant respondent's motion for summary judgment.

Background

Petitioner won the lottery in 1997.  In 1998, she sold for $1,705,000 a portion of her interest in the future lottery payments and reported the sales price as capital gains income on her 1998 Federal income tax return.  Following an audit, respondent determined that this amount was taxable as gambling income at ordinary income tax rates.  A notice of deficiency reflecting this determination was issued on March 19, 2002.  Petitioner did not petition this Court with respect to the notice.

On August 5, 2002, petitioner's tax liability was assessed as determined in the notice of deficiency.  When she failed to pay the amount due, respondent issued a notice of intent to levy on February 7, 2003.  She timely requested a section 6330 hearing, which Appeals conducted telephonically with her designated representative.  During this hearing, petitioner

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

[2] We say "approximately" as these amounts were computed before the present proceeding and have since increased on account of interest.

attempted to challenge the amount of her underlying tax liability.  On April 14, 2004, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy.  This petition followed.  Petitioner alleges that respondent's underlying determination as to liability is invalid because respondent did not allow her to contest her underlying tax liability at an appeals hearing before the notice of deficiency was issued.

## Discussion

Summary judgment may be granted with respect to any part of the legal issues in controversy if the records before the Court "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-260 (2002).  Respondent bears the burden of proving there is no genuine issue of material fact; all facts are viewed in the light most favorable to petitioner.  Craig v. Commissioner, supra at 260.  However, petitioner must do more than merely allege or deny facts; she must set forth "specific facts showing that there is a genuine issue for trial."  Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Under this standard, petitioner has failed to raise any genuine issue of material fact, and summary judgment is appropriate.

Section 6331(a) provides that where taxpayers refuse to pay the tax for which they are liable within 10 days after notice and demand for payment, the Commissioner may collect such tax by levy on their property. See also sec. 7701(a)(11)(B) and (12). Section 6330 provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for administrative review. Davis v. Commissioner, 115 T.C. 35, 37 (2000). The Court reviews nonliability administrative determinations for abuse of discretion. Hoffman v. Commissioner, 119 T.C. 140, 144-145 (2002); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner raises no valid legal arguments. She alleges in her petition that respondent erred in not letting her argue to Appeals that the subject income was properly reported and taxed as capital gains income. Her argument is mistaken. Petitioner, having received a notice of deficiency and having forgone the opportunity to challenge her underlying liability, is barred from doing so during a section 6330 hearing.[3] See sec. 6330(c)(2)(B);

---

[3] Petitioner does not argue that she did not receive the notice of deficiency. She does appear to argue she had a right to a hearing with Appeals before the notice of deficiency was issued, and that respondent's failure to conduct such a hearing invalidates the notice of deficiency. We know of no such right under the minimal standards for notices of deficiency and hold that the notice is valid. See Abrams v. Commissioner, 84 T.C. 1308 (1985), affd. 814 F.2d 1356 (9th Cir. 1987), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. Donley v. Commissioner, 791 F.2d 383 (5th Cir. 1986), affd. sub nom. Gaska v. Commissioner,

(continued...)

<u>Sego v. Commissioner</u>, <u>supra</u>.  We uphold the determination by Appeals and shall therefore grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[3](...continued)
800 F.2d 633 (6th Cir. 1986), affd. without published opinion sub nom. <u>Becker v. Commissioner</u>, 799 F.2d 753 (7th Cir. 1986), affd. sub nom. <u>Spector v. Commissioner</u>, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. <u>Alford v. Commissioner</u>, 800 F.2d 987 (10th Cir. 1986), affd. sub nom. <u>Benzvi v. Commissioner</u>, 787 F.2d 1541 (11th Cir. 1986).