[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11711
Non-Argument Calendar

_____

Agency No. 10942-10

GERALD JAMES WARE,
MONICA SOMONIA WARE,

Petitioners - Appellants,

versus

COMMISSIONER OF IRS,

Respondent - Appellee.

_____

Petition for Review of a Decision
of the U.S.Tax Court

_____

(December 5, 2012)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Gerald James Ware and Monica Somonia Ware, *pro se* taxpayers, appeal the Tax Court's order denying their motions for reconsideration and to vacate or reverse the Tax Court's order of dismissal. The Tax Court dismissed the Wares' claims for lack of jurisdiction under I.R.C. § 6213(a) and Tax Court Rule 13(a). 26 U.S.C. § 6213(a); Tax Ct. R. 13(a). The Commissioner argues that because the Wares did not receive a notice of deficiency, the Tax Court lacked the jurisdiction to hear their case. The Wares argue that two letters from the IRS, a March 22, 2010 change notice and a March 23, 2010 adjustment to their income tax liability, ought to be considered de facto notices of deficiency. In the alternative, the Wares assert that they are entitled to a notice of deficiency as a matter of law. In addition, the Wares contend that the Tax Court should have considered their whistleblower claims. The Commissioner argues that the Wares never filed a whistleblower claim. After a review of the record and the briefs, we affirm.

We have jurisdiction over this appeal under 26 U.S.C. § 7482(a), which specifies that we review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Accordingly, we review the Tax Court's application of the

2

Internal Revenue Code *de novo* and its findings of fact for clear error. *See Estate of Jelke v. Comm'r*, 507 F.3d 1317, 1321 (11th Cir. 2007).

It is well-established that the Tax Court is a court of limited jurisdiction and that it may exercise its jurisdiction only to the extent permitted by Congress. *See* 26 U.S.C. § 7442; *Comm'r v. McCoy*, 484 U.S. 3, 6, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987). Section 6213(a) of the Internal Revenue Code provides the Tax Court with the jurisdiction to redetermine deficiencies assessed by the Commissioner. *See* 26 U.S.C. § 6213(a). The Tax Court may only hear a deficiency case when the Commissioner issues a notice of deficiency to the taxpayer and the taxpayer files a timely petition for redetermination with the Tax Court. *See* 26 U.S.C. §6213(a); Tax Ct. R. 13(a). Consequently, this case turns on whether the Wares received, or were entitled to receive, a notice of deficiency.

The Wares argue that the March 22 and March 23 letters meet the criteria for a notice of deficiency under 26 U.S.C. § 6212. The Internal Revenue Code defines deficiency as the difference between the taxpayer's liability and the liability shown on the taxpayer's return. 26 U.S.C. § 6211. The Commissioner is authorized to send notice whenever he determines that "there is a deficiency in respect of any tax imposed." 26 U.S.C. § 6212(a). While the Code does not prescribe a particular form for a deficiency notice, the notice at a minimum must

3

"indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency." *Benzvi v. Comm'r*, 787 F.2d 1541, 1542 (11th Cir. 1986).  In essence, the notice of deficiency advises a person that the Commissioner means to assess him.  *See id.* at 1542.  We turn to the question of whether the letters constitute notices of deficiency.

We agree with the Appellee that the letters, individually and collectively, do not amount to a notice of deficiency.  The March 22 letter serves as a notice to the Wares that the IRS reduced the amount of income tax withheld by the Wares in 2005.  The letter states: "We changed your 2005 account to correct your total federal income tax withheld."  The March 23 letter is a companion piece to the previous day's letter.  It provides the Wares with an IRS-prepared Form 4549-A that catalogues the reduction to the Wares' adjusted tax liability.  Because both letters served merely to notify the Wares' of the reductions in their adjusted tax liability, they cannot be said to have notified the Wares of a deficiency—the difference between their liability and the liability shown on their tax return.  *See Benzvi*, 787 F.2d at 1542.  In other words, these letters addressed only the former, and not its relationship to the latter.

We also agree with the Appellee that the Wares were not entitled to a notice of deficiency.  The Commissioner may assess an overstatement of credit for

income tax withheld "in the same manner as in the case of a mathematical error appearing upon the return . . . ." 26 U.S.C. § 6201(a)(3).  When the Commissioner assesses a mathematical or clerical error on a return, notice of the assessment "shall not be considered as a notice of deficiency . . . and the taxpayer shall have no right to file a petition with the Tax Court based on such notice . . . ." 26 U.S.C. § 6213(b)(1).  It is clear from the record that the Commissioner assessed the Wares for an overstatement of income tax withheld in 2005.  In 2005 the Wares won a jackpot playing a slot machine at the Imperial Palace Casino in Biloxi, Mississippi.  The stated amount of the jackpot was $993,728, the winnings to be paid by International Game Technology (IGT).  The Wares received $604,093.  The Wares maintain that IGT withheld $389,635 in federal income taxes, and therefore they owe no taxes on their winnings.  The Commissioner argues that the Wares elected to receive a lump-sum of $604,093 rather than an annuity equaling $993,728 in the aggregate. We need not settle this dispute to address the issues on appeal.  It is enough to say that the Commissioner assessed the Wares for an overstatement of credit for income tax withheld, and that he determined the overstatement to be due to a mathematical or clerical error.  Consequently, the letters from March 2010—in addition to reducing the Wares' adjusted tax liability—are also notices of assessment.  Without a notice of deficiency, the Tax

5

Court had no jurisdiction over the Wares.  It also follows that the Tax Court could not enjoin tax assessment and collection.

The Wares' final argument is that the Tax Court had jurisdiction over their whistleblower claim.  26 U.S.C. § 7623.[1]  Under §7623, the Secretary of the Treasury may pay a reward to an individual for bringing information to the IRS about the underpayment of taxes.  A whistleblower must file a Form 211: Application for Reward for Original Information.  26 C.F.R. § 301.7623-1(f).  If the whistleblower disputes the determination regarding an award, the whistleblower may appeal the determination to the Tax Court within thirty days.  26 U.S.C. § 7623(b)(4).   The Wares failed to file a Form 211.  As a result, the Secretary did not issue a determination on a whistleblower claim, and the Tax Court could not hear the case.

In sum, the Wares received neither a notice of deficiency from the Commissioner nor a whistleblower determination from the Secretary of the Treasury.  Because the Wares have not shown any statutory provision under which

---

[1]Although the venue for most appeals from the Tax Court is geographically tied to a petitioner's legal residence, the normal route for a whistleblower claim is an appeal to the Court of Appeals for the District of Columbia.  *See* 26 U.S.C. § 7482(b)(1) ("If for any reason no subparagraph of the preceding sentence applies, then such decisions may be reviewed by the Court of Appeals for the District of Columbia.").  However, neither party suggested bifurcating this case, and we agree that bifurcation would be inappropriate. *See United States v. Horiri*, 482 U.S. 64, 69 n.3, 107 S. Ct. 2246, 2250 n.3, 96 L.Ed.2d 51 (1987).

the Tax Court had jurisdiction to consider their claims, we affirm the Tax Court's

dismissal of their petition.

**AFFIRMED.**