[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15309
Non-Argument Calendar

_____

Agency No. 9480-09

MELISSA CROSS,

Petitioner-Appellee,

KARL E. CROSS,

Intervenor-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court

_____

(November 27, 2012)

Before BARKETT, PRYOR and EDMONDSON, Circuit Judges.

PER CURIAM:

Karl Cross appeals the tax court's order dismissing him as an intervenor in his ex-wife's tax proceeding.  No reversible error has been shown; we affirm in part and dismiss in part for lack of jurisdiction.

Karl and Melissa Cross filed a joint federal income tax return for 2004.  After the couple divorced, the Commissioner of Internal Revenue issued a notice of deficiency for tax year 2004.  Then, in the tax court, Melissa filed a petition alleging that the 2004 joint tax return was invalid because she had not signed it and had not authorized Karl to sign it on her behalf.  As a result, she argued that she should not be held jointly and severally liable for the tax deficiency.  In the alternative, Melissa asserted that she was eligible for relief as an "innocent spouse" under Internal Revenue Code section 6015.

Karl sought to intervene in Melissa's case pursuant to section 6015(e)(4) and Tax Court Rule 325(b).  The tax court recognized Karl as an intervenor and added him as a party.

The Commissioner and Melissa later stipulated that the 2004 joint tax return was not valid for Melissa.  As a result, Melissa was unentitled to relief under section 6015; and the Commissioner and Melissa filed a joint motion to dismiss

2

Karl as an intervenor in the case.  After oral argument, the tax court granted the motion to dismiss, stating that -- because Melissa no longer sought section 6015 relief -- the "condition precedent for intervention by Karl Cross no longer exists." This appeal followed.

We have jurisdiction to review the tax court's order of dismissal pursuant to 26 U.S.C. § 7482, which provides that we "have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."  26 U.S.C. § 7482(a)(1).  We review the tax court's legal conclusions de novo and its factual findings for clear error.  Creel v. Comm'r, 419 F.3d 1135, 1139 (11th Cir. 2005).

On appeal, Karl argues that a request for relief under section 6015 is not a condition precedent for intervention under Rule 325(b).  We disagree.  Section 6015(e)(4) directs the tax court to "develop rules which provide the individual filing a joint return but not [requesting "innocent spouse" relief under subsections (b), (c), or (f)] with adequate notice and an opportunity to become a party to a proceeding under either such subsection."  I.R.C. § 6015(e)(4) (emphasis added). Tax Court Rule 325(b) then permits the "other spouse" to intervene in cases filed specifically under section 6015(e).  The tax court has said -- and we agree -- that "[r]eading section 6015(e) as a whole and in conjunction with Rule 325(b), it is

3

clear that intervention by a nonelecting spouse presumes an existing proceeding (i.e., a deficiency, stand-alone, or collection review proceeding) brought by the electing spouse." Maier v. Comm'r, 119 T.C. 267, 272 (2002).

The purpose of such intervention is to allow the nonelecting spouse "an opportunity to be heard on innocent spouse issues" and, thus, "to ensure that innocent spouse relief is granted on the merits after taking into account all relevant evidence." See Corson v. Comm'r, 114 T.C. 354, 365 (2000) (emphasis added). So, when an electing spouse withdraws his or her request for innocent spouse relief under section 6015 -- as Melissa did here -- the proceeding in which the "other spouse" was permitted to intervene under Rule 325(b) ceases to exist. Thus, the tax court properly dismissed Karl as an intervenor.[1]

Karl also argues that, even if he was no longer eligible to intervene under Rule 325(b), he qualified for intervention under Federal Rule of Civil Procedure 24. Because Karl never filed a motion to intervene pursuant to Rule 24, that issue was never adequately presented to the tax court; and we lack jurisdiction to review it on appeal.[2] See Bone v. Comm'r, 324 F.3d 1289, 1294 (11th Cir. 2003)

---

[1]Karl argues that he still should have the opportunity to present evidence about the validity of the 2004 joint tax return, but this opportunity is not a right established by section 6015(e).

[2]Karl first raised his potential eligibility for intervention under Rule 24 in his "Supplemental Response in Opposition to Joint Motion to Dismiss." Although Karl asserts on appeal that this wording in the briefing process in the tax court was sufficient to assert his right to intervene, he

4

("Arguments not raised in the court below are usually not considered by this

Court.").

AFFIRMED IN PART, DISMISSED IN PART.

---

admits that he never actually filed a separate motion for intervention under Rule 24. And we do not expect trial judges to read arguments imaginatively or to tweeze out motions never made.